
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SETH PATINKIN,<br>      Plaintiff, | ) ) ) | |
| vs. | ) ) | 1:07-cv-482-SEB-JMS |
| CITY OF BLOOMINGTON, INDIANA, et al.,<br>      Defendants. | ) ) ) ) | |

**ORDER GRANTING DEFENDANT STACEE EVANS'S MOTION FOR JUDGMENT ON THE PLEADINGS**

This cause is before the Court on the Motion for Judgment on the Pleadings [Docket No. 55] filed by Defendant Stacee Evans in response to Plaintiff Seth S. Patinkin's original Complaint [Docket No. 1] alleging, *inter alia*, a claim for deprivation of civil rights, conspiracy to interfere with civil rights, and tortious interference with contractual relationships. Ms. Evans contends that Mr. Patinkin has failed to state a claim against her. Mr. Patinkin maintains that he has adequately pled facts to support the relief he seeks. For the reasons detailed in this entry, we <u>GRANT</u> Ms. Evans's Motion for Judgment on the Pleadings.

Mr. Patinkin dropped a broad net in his April 17, 2007, complaint, naming, in addition to Ms. Evans, the City of Bloomington, Indiana University, and various other officials. Patinkin maintains that Ms. Evans violated his civil rights and tortiously interfered with contracts in which he was a party by conspiring with the City of Bloomington, Indiana University via its Student Legal Services, and others to harm Mr.

Patinkin's rental business with student tenants based in part on his being Jewish. This occurred, according to Mr. Patinkin, when Ms. Evans advised students to cooperate with the City of Bloomington in the City's actions against Mr. Patinkin, and subsequently advised the students to breach their leases with Mr. Patinkin as well as sue to recover their security deposit and other damages. Ms. Evans filed this motion for judgment on the pleadings on July 20, 2007, asserting that Mr. Patinkin has failed to plead sufficient facts to support his claims, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

## **Factual Background**[1]

Mr. Patinkin is an alumnus of Indiana University-Bloomington, and is Jewish. Compl. ¶¶ 1-2. He owns or is agent for four properties located in Bloomington, Indiana: 414 East 1st Street; 816 East 2nd Street; 709 South Anita Street; and 319 East 12th Street. Id. ¶ 2. As a part-time business, Mr. Patinkin rented these properties, principally to Indiana University students. Id. ¶ 46. Things ran smoothly for Mr. Patinkin until July 2005, when his relationship with his business partner, Jan P. Szatkowski, became strained, due, according to Mr. Patinkin, to Mr. Szatkowski's alleged failure to make required capital contributions to their partnership as well as to transfer deeds to the rental properties to the partnership. Id. ¶ 5, ¶ 48. Their strained relationship caused Mr. Patinkin to file suit

---

[1]The litigation surrounding Mr. Patinkin involves several parties and numerous legal contentions. We limited our recitation to those facts applicable to Ms. Evans's Motion as they pertain to this motion for judgment on the pleadings.

against Mr. Szatkowski.  Id. ¶ 5.  Mr. Patinkin maintains that Mr. Szatkowski's attorney, William J. Beggs, retaliated by enlisting the help of City of Bloomington officials in an effort to ruin Mr. Patinkin's rental business as well as defeat the lawsuit he had brought against Mr. Szatkowski.  Id. ¶ 7.

In elaborating on this theory, Mr. Patinkin contends that, per Mr. Beggs's request, City Officials began making unannounced visits to properties Mr. Patinkin owned or managed in Bloomington under the pretext of investigating Title 20 zoning violations. Id. ¶ 8.  The Title 20 zoning ordinance is a city regulation that limits occupancy in certain dwellings in Bloomington to three (3) unrelated adults.  Mr. Patinkin alleges that, on various occasions, City Officials also made anti-Semitic comments and harassed Mr. Patinkin's tenants.  Id. ¶ 11, ¶ 20.  Mr. Patinkin also alleges that City Officials fabricated records of meetings with his tenants.  Additionally, he contends that his efforts to amicably resolve the situation by working with the City were thwarted when City Officials dismissed his allegations of misconduct only two weeks after he had lodged these complaints, without providing him with any information regarding how the investigation had been conducted.  Id. ¶ 12, ¶ 95.  Patinkin further alleges that the City of Bloomington enlisted the help of permanent residents of Bloomington as well as Indiana University, acting through the Student Legal Services ("SLS"), to cooperate with Mr. Beggs in his ongoing efforts to end Mr. Patinkin's rental business and to defeat the lawsuit Mr. Patinkin had filed against Mr. Szatkowski.  Id. ¶ 16.

Mr. Patinkin contents that, due to this alleged harassment by City Officials as well

as allegations of Title 20 zoning violations, a number of his tenants, most of whom were also Indiana University students, retained the services of SLS, which provides free legal representation to Indiana University students.  Specifically, Mr. Patinkin alleges that SLS provided advise to four separate sets of students, who had moved into various properties controlled by Mr. Patinkin in August 2006, regarding their tenant rights in relation to Mr. Patinkin who was their landlord.

Three Indiana University students, Ryan Rieff, Bryan Haney, and Robert Tokars, entered into a lease with Mr. Patinkin for the property located at 414 East 1st Street.  Id. ¶ 57.  This property was owned by Mr. Szatkowski, and Mr. Patinkin served as the rental agent. Id. ¶¶ 52-53, ¶ 56.  After the students entered into this lease, the City of Bloomington filed a lawsuit against them, alleging violations of the Title 20 zoning ordinance.[2]  Id. ¶ 115.  Around the same time, Mr. Beggs allegedly conspired with the City of Bloomington and SLS, by drafting an agreement for the three students to sign, which provided that: (1) the students had entered into the lease with Mr. Patinkin with the understanding that they were allowed to have more than three unrelated adults inhabiting the property (a Title 20 violation); (2) Mr. Szatowski would "not have problem" if the three students moved out of the house; and (3) if the students signed the agreement, Mr. Szatowski would forebear in bringing any eviction proceedings against them. Id. ¶ 61.

Ms. Evans, staff attorney at SLS, undertook the legal representation of the three

---

[2] The identity of any additional tenants was apparently unknown to the City at this time.

students.  Id. ¶ 117.  Mr. Patinkin contends that SLS "strongly advised" the tenants to sign the agreement proffered by Mr. Szatowkski.  Id. ¶ 119.  SLS, in corresponding with the three Indiana students, sought the identities of the other alleged over-occupiers at 414 East 1st Street in order to continue representing the three students.  Id. ¶121.  Eventually, SLS withdrew from further legal representation of the three students.  Id. ¶ 123.

Three other I.U. students, Eric Quebbeman, Brian Faires, and Chris Lott, leased the house located at 709 South Anita Street.  Id. ¶ 100.  SLS, again allegedly conspiring with Mr. Beggs and the City of Bloomington, advised the three students to enter into plea agreements with the City, requiring them to admit that they "over-occupied" the rental property and that, in fact, the living conditions were uninhabitable.  Id. ¶ 129.  The agreement further stipulated that, if they signed the agreement, the City would reduce the potential fine by ninety-five percent against the three students for having violated Title 20.  Id.  Mr. Quebbeman, Mr. Faires, and Mr. Lott signed the plea agreement with the City and vacated the property, allegedly in violation of their lease.  Id. ¶ 133.

Stephany Goldzband, Neha Sharma, and Jessica Leary, three other Indiana University students, leased and then occupied Mr. Patinkin's rental property at 816 East 2nd Street.  Id. ¶ 99.  There was an alleged fourth tenant, one Megan Cangelosi, who resided at this location as well.  Id. ¶ 137.  SLS advised the three lessees as well as Ms. Cangelosi to concede that they "over-occupied" the property, in violation of the Title 20

5

zoning ordinance, and that the living conditions were uninhabitable.  Id. ¶ 141.  SLS subsequently notified Mr. Patinkin that they represented the three student lessees and Ms. Cangelosi, and that he was obligated to return the student lessees' security deposit in part because the property was found to be in violation of the Title 20 zoning ordinance.  Id. ¶ 143.

On August 15, 2006, five other Indiana University students were scheduled to move into Mr. Patinkin's rental property at 319 East 12th Street.  Id. ¶ 149.  According to Mr. Patinkin, zoning for this property allows an occupancy load of five unrelated adults.  Id. ¶ 156.  However, Mr. Patinkin contends that, in response to the students' inquiries concerning ways they could breach the lease in order to move into different housing, SLS advised the students to meet with the Neighborhood Compliance Officer, a City official, and claim that they "over-occupied" the property and that the living conditions were uninhabitable.  Id. ¶ 154.

This lawsuit was filed on April 17, 2007.

## Legal Analysis

### I.  Standard of Review

Defendant's motion, brought pursuant to Federal Rule of Civil Procedure 12(c), seeks judgment on the pleadings for the Complaint's failure to state a claim.  The standard of review for a motion for judgment on the pleadings is identical to that applicable to a motion pursuant to Rule 12(b)(6).  United States v. Wood, 925 F.2d 1580,

1581 (7th Cir. 1991). Therefore, once a claim has been adequately stated, it may be supported by any set of facts consistent with the allegations in the complaint. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1968-69 (2007) (citing Sanjuan v. American Bd. Of Psychiatry and Nuerology, Inc., 40 F.3d 247, 251 (7th Cir. 1994)). Dismissal is warranted if the factual allegations, viewed in the light most favorable to the plaintiff, do not plausibly entitle the plaintiff to relief. Bell Atlantic, 127 S.Ct. at 1968-69. However, as the Seventh Circuit has recognized, "[I]t is not enough for a complaint to avoid foreclosing possible bases for relief; it must suggest that the plaintiff has a right to relief...by providing allegations that 'raise a right to relief above a speculative level.'" E.E.O.C. v. Concentra Health Servs., Inc., 496 F.3d 773, 777 (2007) (citing Bell Atlantic, 127 S.Ct. at 1968-69).

When determining whether judgment on the pleadings is proper, a court "may not look beyond the pleadings," Wood, 925 F.2d at 1581, but "must treat all well-pleaded allegations asserted in the complaint as true, construe the allegations liberally, and draw all reasonable inferences in the light most favorable to the plaintiff." Jackson v. Arvinmeritor, Inc., 2008 WL 64528, at *1 (S.D. Ind. January 3, 2008) (Hamilton, J.).

## II.   Failure to Plead Sufficient Facts

Ms. Evans argues that Mr. Patinkin's allegations based on 42 U.S.C. § 1983 (Count IV) and 42 U.S.C. § 1985 (Count V), and for tortious interference with

contractual relations (Count VII),[3] lack a sufficient factual basis entitling him to any relief. Because she is mentioned by name only twice throughout the entire complaint -- first, when she is identified as a staff attorney at SLS and, second, in reference to her brief representation of three tenants in an action by the City for "over-occupancy" -- such sparse mentions fail to provide a basis for relief under any of the three legal theories asserted against her. Mr. Patinkin rejoins that, as found in the Complaint, the terms "Evans" and "Students Legal Services" are interchangeable; therefore, all references to "SLS" also include Ms. Evans. In reply, Ms. Evans argues that an allegation directed towards an organization does not thereby also embrace claims against a specific individual.

As recently as 2007, the Supreme Court directed that "when allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should...be exposed at the point of minimum expenditure of time and money by the parties and the court.'" Bell Atlantic, 127 S.Ct. at 1966 (quoting 5 WRIGHT & MILLER § 1216, at 233-34).

Based on the pleadings, which set the boundaries for our review of this motion, the only two factual assertions made by Mr. Patinkin that form a basis for relief against Ms. Evans are that: (1) she served as a "staff attorney" at SLS; and (2) she briefly represented three tenants who were charged with violating the Bloomington Title 20 zoning ordinance[4].

---

[3] Mr. Patinkin previously dismissed Counts I and II of the Complaint as they related to Ms. Evans, which alleged violations of 42 U.S.C. §§ 1981 & 1982. Additionally, in Mr. Patinkin's brief opposing judgment on the pleadings, he dismissed Count VIII, asserting violation of Article I, § 12 of the Indiana Constitution.

These two facts, assuming they are true, are nonetheless wholly inadequate to support any claim for relief.  In Bell Atlantic, the Supreme Court required plaintiffs to "nudge their claims across the line from conceivable to plausible."  Id. at 1974.  The two bare-bones, innocuous factual assertions on the basis of which Ms. Evans has been drawn into this litigation wholly fail to create a plausible claim, and thus she is entitled to be dismissed.

Mr. Patinkin's argument that the factual allegations in the Complaint naming SLS should also be imputed to Ms. Evans is similarly unconvincing, as courts have uniformly prohibited the actions of an organization being assigned to an individual.  "Personal liability must be based upon personal knowledge or wrongdoing, and cannot be imputed due to an individual's membership in a broader organizational structure."  Dev Industries, Inc. v. Rockwell Graphic Sys., 1992 WL 100908, at *3 (N.D.Ill. 1992).  Mr. Patinkin's statement that he intended to use "SLS" and "Evans" interchangeably throughout the Complaint was included in a brief footnote, unsupported by any authority or well-developed argument.  The overwhelming weight of authority contradicts Mr. Patinkin's argument: the complaint must include factual allegations addressing the actions or conduct of Ms. Evans personally in order to withstand dismissal.  There is a complete absence of any factual allegation connecting Ms. Evans in her individual capacity,

---

[4] The Complaint notes that SLS, as an entity, was subsequently forced to withdraw from representation of the three tenants because of potential conflicts that might arise for the organization because, pursuant to its own guidelines, it was not able to represent Indiana University students who had or potentially had adverse interests to other Indiana University students in a proceeding.

through her legal advice or other action on their behalf, to the tenants residing at 414 East 1st Street.  Merely linking Ms. Evans by implication or imputation to the organizational activities of SLS based on her status as an employee of SLS is not a sufficient basis for a recovery against her.

We go one step further in this ruling to note the total absence of any factual allegation that connects SLS's actions with Ms. Evans, beyond the mention that she was a "staff attorney" employed by SLS.  There is no reference to her having held any type of supervisory role, performed any decision-making function, or otherwise controlled the actions of SLS.  These pleading deficiencies are analogous to those found in Cinema Concepts Theatre Service Co. v. Filmack, 1989 WL 55092, at *2 (N.D.Ill. 1989), where the court granted a motion to dismiss two individual officers of a corporation when the complaint failed to assert that either had knowingly participated in the company's alleged copyright infringement.  Importantly, the court noted that the complaint did not allege that either of the officers supervised or influenced the infringing activities.  Id.  Similarly, in terms of the claims against Ms. Evans, the factual allegations presented in the Complaint do not attribute any supervisory responsibility to her for the conduct of SLS.

In summary, the two, brief factual assertions in the Complaint which refer to Ms. Evans fall well short of the required standard of sufficiency for pleading facts to support the alleged claims. The meager, legally innocuous allegations relating to Ms. Evans cannot support an award against her in favor of Mr. Patinkin in the Complaint.  We therefore GRANT Defendant's motion for judgment on the pleadings with respect to Counts IV, V, and VII

as they pertain to Defendant Evans.

IT IS SO ORDERED.

Date: _____03/21/2008_____

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Rosemary L. Borek
STEPHENSON MOROW & SEMLER
rborek@stephlaw.com

Brian M. Morris
BRIAN M. MORRIS, ESQ.
mylawyerbrian@hotmail.com

Michael Rosiello
BARNES & THORNBURG LLP
mike.rosiello@btlaw.com

Robert J. Schuckit
SCHUCKIT & ASSOCIATES, P.C.
rschuckit@schuckitlaw.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com

Matthew S. Winings
BARNES & THORNBURG
mwinings@btlaw.com